LINDA DEOS (State Bar No. 179170)
**DEOS LAW, PC**
428 J Street, 4th Floor
Sacramento, CA 95814
Telephone: (916) 442-4442
Email: Linda@Deoslaw.com

Attorney for Geoffrey M. Richards,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| **In re:**<br><br>ARKTOS INCORPORATED,<br><br>Debtor. | CASE NO.: 25-26582-B-7<br><br>CHAPTER 7 |
| GEOFFREY M. RICHARDS, CHAPTER 7 TRUSTEE FOR ARKTOS INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTAS FUNDING LLC,<br><br>Defendant(s). | ADVERSARY PROCEEDING NO: 26-02056<br><br>Docket Control No.: LDD-1<br><br>ORDER GRANTING ENTRY OF DEFAULT JUDGMENT<br><br>**Hon. Christopher D. Jaime** |

**ORDER GRANTING ENTRY OF DEFAULT JUDGMENT**

An Application for Clerk's Entry of Default Judgment against defendant Libertas Funding LLC (hereinafter "Libertas"), pursuant to Fed. R. Bnk. P. 7055(a) has been made. Based upon the application, declaration and supporting documents,

**IT IS ORDERED** that the Application for Clerk's Entry of Default Judgment against defendant Libertas Funding LLC is entered and judgment against Defendant Libertas Funding LLC is granted as follows:

1. Declaratory relief to determine that the Loan of $490,000 is, in fact, a loan providing for interest at the rate of 29.19% *per anum*;

2. Recovery of usurious interest payments to the extent they exceed interest lawfully received by Defendant - $94,558.00 and treble damages in the amount of $283,674,00;
3. Determinations that the Agreement and its terms regarding interest, choice of law, and choice of forum are unconscionable and illegal; and
4. A declaration from this Court that the incurrence of the Agreements and the excess interest payments should be avoided under 11 U.S.C. § 548(a)(1)(B) as neither the incurrence of the Agreement, nor the interest payments, provided reasonably equivalent value to the Debtor.
5. Pursuant to the First Cause of Action (for declaratory relief), a determination that the Agreement provides for a loan;
6. Pursuant to the First Cause of Action (for declaratory relief), a determination that the Agreement provides for interest at the rate of 29.19% *per annum*;
7. In the alternative, pursuant to the First Cause of Action (for declaratory relief), a determination that the Agreement provides for interest at a rate in excess of 10.5% *per annum*;
8. Pursuant to the Second Cause of Action (for usury), recovery of damages of $94,558.00;
9. Pursuant to the Second Cause of Action (for usury), recovery of treble damages of $283,674.00;
10. Pursuant to the Second Cause of Action (for usury), awarding punitive damages in an amount necessary to deter future misconduct, according to proof;
11. Pursuant to the Third Cause of Action (for unconscionability), a determination that

the interest-rate terms of the Agreement are unconscionable and unenforceable;

12. Pursuant to the Third Cause of Action (for unconscionability), a determination that the Choice-of-Law and Forum Selection clause of the Agreement is unconscionable and unenforceable;
13. Pursuant to the Third Cause of Action (for unconscionability), recovery of damages of $94,558.00;
14. Pursuant to the Fourth Cause of Action (for illegality), recovery of damages of $94,558.00;
15. In the alternative, pursuant to the Fifth Cause of Action (for usury, unconscionability and illegality), a determination that the Agreement's interest-rate terms are usurious, unenforceable and illegal;
16. In the alternative, pursuant to the Fifth Cause of Action (for usury, unconscionability and illegality), a determination that the Agreement's interest-rate terms are unconscionable and unenforceable;
17. In the alternative, pursuant to the Fifth Cause of Action (for usury, unconscionability and illegality), a determination that the Agreement's interest-rate terms are illegal and unenforceable;
18. In the alternative, pursuant to the Fifth Cause of Action (for usury, unconscionability and illegality), recovery of damages in the amount of $117,325.00;
19. Pursuant to the Sixth Cause of Action (for avoidance of constructively fraudulent obligation), avoidance of the Agreement and the Debtor's obligations thereunder;
20. Pursuant to the Seventh Cause of Action (for avoidance of constructively fraudulent transfers), avoidance of the Transfers;

21. Pursuant to the Eighth Cause of Action (for recovery of avoided assets), recovery of assets in the amount of $600,486.32;

22. Pursuant to the Ninth Cause of Action (for preservation of avoidable transfers), preserving the avoided transfers for the benefit of the estate;

23. Upon every Cause of Action, for pre-judgment interest at the legal rate;

24. Upon every Cause of Action, for post-judgment interest at the legal rate;

25. Upon every Cause of Action, for reasonable attorney's fees and expenses to the extent available by agreement or statute;

26. Upon every Cause of Action, for costs of suit; and

27. For such other and further relief as is appropriate.

**Dated:** August 04, 2026

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court