**3**

**Deos Law, PC**
Linda Deos (SBN 179170)
428 J Street, 4th Floor
Sacramento, CA 95814
(916) 442-4442
linda@deoslaw.com

**Binder Malter Harris & Rome-Banks LLP**
Reno Fernandez (SBN 251934)
490 Chadbourne Road, Suite A137
Fairfield, CA 94534
(408) 295-1700
reno@bindermalter.com

Attorneys for Plaintiff and Chapter 7 Trustee,
Geoffrey M. Richards,

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>ARKTOS INCORPORATED,<br><br>Debtor. | Case No. 25-26582-B-7<br><br>Chapter 7<br><br>Adv. Proc. No. 26-02056-B<br><br>DCN: LDD-1 |
| GEOFFREY M. RICHARDS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTAS FUNDING, LLC, a Connecticut limited liability company,<br><br>Defendant. | |

**AMENDED JUDGMENT**

The Court, upon the *Complaint for Recovery of Usurious Interest, Avoidance of Fraudulent Transfers and Other Relief* [Dkt. #1) (the "Complaint"), filed by Geoffrey M. Richards, Plaintiff and Chapter 7 Trustee herein, on May 28, 2026, the *Order Granting Entry of Default Judgment* [Dkt. #15], entered on August 4, 2026, and the record of the within adversary proceeding and underlying case; finding that Plaintiff Trustee has provided evidence of service of the Complaint and summons sufficient to establish personal jurisdiction over Libertas Funding, LLC, Defendant herein ("Libertas"); finding that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and that the Court

has constitutional authority to enter a final judgment; and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. Judgment is entered in favor of Plaintiff Trustee and against Defendant Libertas, upon all causes of action alleged in the Complaint, in the amount of $868,232.00 (the "Principal") (comprising the avoided loan amount of $490,000, interest of $94,558, and $283,674 in treble damages), together with punitive damages, pre- and post-judgment interests, reasonable attorney's fees and costs, and costs of suit, as provided below;

2. Declaratory relief is granted to Plaintiff Trustee and against Defendant Libertas, and the Court hereby determines that the Loan (as that term is defined in the Complaint) was and is, in fact, a loan providing for interest at the rate of 29.19% *per annum*, exceeding the then-applicable legal rate of 10.5% *per annum*;

3. The Court further determines that the terms of the Agreement (as that term is defined in the Complaint) regarding interest, choice of law, and choice of forum are unconscionable, illegal, and unenforceable;

4. The excess interest payments identified in the Complaint and the Debtor's obligations to Defendant Libertas identified in the Complaint are hereby avoided pursuant to Bankruptcy Code § 548(a)(1)(B);

5. Plaintiff Trustee shall have and recover from Defendant Libertas the value of the avoided transfers by way of this money judgment, as provided herein, pursuant to Bankruptcy Code § 550;

6. The avoided transfers are preserved for the benefit of the estate pursuant to Bankruptcy Code § 551;

7. In addition to the Principal, Plaintiff Trustee shall have and recover from Defendant Libertas punitive damages in an amount necessary to deter future misconduct, according to proof upon application;

8. Plaintiff Trustee shall have and recover from Defendant Libertas pre-judgment interest at the legal rate of 10% *per annum* upon all amounts awarded under this judgment from and after the date the Complaint was filed on May 28, 2026, through the date of entry of this judgment;

9. Plaintiff Trustee shall have and recover from Defendant Libertas post-judgment interest at

the rate provided in 28 U.S.C. § 1961 upon all amounts awarded under this judgment from and after the date of entry of this judgment;

10. Plaintiff Trustee shall have and recover from Defendant Libertas reasonable attorney's fees and costs incurred in bringing and prosecuting this adversary proceeding, according to proof upon application;

11. Plaintiff Trustee shall have and recover from Defendant Libertas the sum of $350.00 for costs of suit;

12. Notwithstanding that punitive damages, pre- and post-judgment interests, attorney's fees and costs, and costs of suit remain to be liquidated, this judgment is effective immediately upon entry, shall become final upon expiration of the time to take an appeal, and may be enforced to the extent of the Principal pending liquidation of said amounts, which shall become part of an amended judgment to be entered upon liquidation of said amounts; and

13. The Court retains jurisdiction to interpret and enforce this judgment and to hear and determine all disputes and issues arising from or in connection with the subject matter of this judgment.

**Dated:** October 07, 2026

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court